IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHARON BROWN, as Guardian of Stacey Brown, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. CIV-09-1037-D<br>) |
| POTTAWATOMIE PUBLIC SAFETY CENTER TRUST, a/k/a Pottawatomie County Jail, | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

**O R D E R**

Before the Court are the parties' respective motions in limine [Doc. Nos. 98 and 110], which are fully briefed and at issue.[1]

This civil rights case under 42 U.S.C. § 1983 concerns an alleged denial of medical care to Plaintiff's daughter, Stacey Brown, in April, 2009, while she was detained in the Pottawatomie County jail. Each party seeks to prohibit the other from introducing evidence and argument regarding certain matters during the jury trial of Plaintiff's claim, primarily on grounds that the matters are irrelevant under Rule 401, Fed. R. Evid., or unduly prejudicial under Rule 403. For ease of discussion of the parties' arguments, the Court will refer to the injured person as "Stacey."

---

[1] With her motion, Plaintiff has also filed a Motion to Strike Defendant's Witnesses [Doc. No. 104]. Although filed as a separate motion, it simply seeks to prohibit Defendant from calling witnesses who will testify about matters that are the subject of Plaintiff's Motion in Limine, and it merely incorporates the arguments presented in that motion. Because the Court's *in limine* ruling will determine whether Defendant may utilize these witnesses, the Court finds no need to separately address the Motion to Strike. Also, at the pretrial conference held on April 4, 2012, the parties identified their trial witnesses, and defense counsel revealed that, with one exception, he does not intend to call the witnesses in question.

**A.     Plaintiff's Motion**

Plaintiff seeks to exclude evidence regarding the following matters: 1) circumstances and charges resulting in Stacey's arrest on March 15, 2009, and the pretrial detention that led to the events at issue; 2) Stacey's criminal convictions; 3) witnesses' criminal convictions; 4) Stacey's drug use; and 5) drug use by Plaintiff's witness, Mary Buckley.[2]

**1.     Stacey's Criminal Charges, Convictions, and Drug Use**

As to charges related to Stacey's arrest on March 15, 2009, and Stacey's drug use, Plaintiff asserts that evidence of these matters is not relevant to any trial issue and, alternatively, should be excluded under Rule 403 as unduly prejudicial. As to Stacey's criminal convictions, Plaintiff contends that, although this evidence bears on Stacey's credibility as a witness, its probative value is substantially outweighed by its prejudicial effect on the jury's determination of Defendant's liability. Defendant responds regarding all of these matters that Stacey's lifestyle – including numerous criminal charges, convictions, and drug and alcohol abuse – before and after the medical event in question, are relevant to the issue of Plaintiff's damages. Defendant notes that Plaintiff seeks to recover damages for Stacey's alleged permanent disability, future medical and life care, and vocational and rehabilitative needs. Defendant intends to argue that Stacey's lifestyle is largely unchanged by her injury, and that she is not disabled and does not need a guardian or attendant care.

Upon careful consideration, the Court agrees that Defendant should be allowed to present an accurate picture of how Stacey's injury may, or may not, have affected her ability to care for

---

[2] Plaintiff also moves to exclude certain testimony by Defendant's expert witness, Jim Scott, regarding possible causes of Stacey's brain injury, including drug use. Plaintiff contends that Dr. Scott, who performed a psychological evaluation of Stacey, should be prohibited from testifying outside his area of expertise and to state an opinion concerning the cause of Plaintiff's brain injury. Defendant denies that Dr. Scott intends to testify in this way. Thus, the Court finds no issue for decision, and this part of Plaintiff's Motion is moot.

herself, and her future educational, vocational, and rehabilitative needs.  However, evidence of Stacey's drug use is relevant only if it can be shown to negatively affect her employability or future needs, can be causally linked to the medical event at issue or her alleged injury, or affects the credibility of her testimony.  It is currently unclear to the Court whether Defendant can make such a connection.  On the other hand, the circumstances that caused Stacey to be arrested and detained in the jail on the date of her alleged injury are necessary for the jury to understand the full context of the case.  Further, as discussed below concerning witnesses, the facts of Stacey's criminal convictions would be admissible for impeachment purposes, pursuant to Rule 609 and subject to its requirements.  The tenor of Defendant's argument in its brief, however, raises concern that Defendant intends to paint an unfair picture of Stacey.  The facts presented in Defendant's brief do not seem to support its argument that Stacey "led a life of crime, partying, and drug use," and the Court sees no relevance to Defendant's argument that her "friends were convicts and drug users." *See* Def.'s Resp. Pl.'s Mot. in Limine [Doc. No. 132] at 7.

Accordingly, the Court declines to make the categorical exclusions requested by Plaintiff, but rules as follows:  Defendant may present evidence regarding the facts and circumstances of Stacey's arrest on March 15, 2009.  Stacey's criminal convictions bear on her credibility as a witness, and evidence regarding them is not unduly prejudicial.  Stacey's arrests on other dates, and other charges that did not result in convictions, will not be admitted.  The Court reserves ruling on the admissibility of evidence of Stacey's drug use.  Before Defendant mentions or offers such evidence at trial, defense counsel is instructed to give advance notice outside the presence of the jury to the Court and opposing counsel.  Further, Defendant is cautioned that the factual information it wishes to present should not be the subject of cumulative witnesses or exhibits, or unfair argument.

**2.     Witnesses' Criminal Convictions**

Three of Plaintiff's witnesses have criminal convictions, and Plaintiff concedes that this fact bears on their credibility as witnesses. Plaintiff asserts, however, that Defendant has listed numerous exhibits regarding these witnesses' convictions that are unnecessary and should be excluded. Defendant responds that it has listed these exhibits in an abundance of caution, with the intention of utilizing them only if a witness denies the fact of a prior conviction. From Defendant's argument, the Court understands that Defendant intends to use the exhibits to which Plaintiff objects, if at all, only for impeachment purposes. The Court finds this evidence to be admissible pursuant to Rule 609, subject to its requirements, and should not be excluded under Rule 403. Defendant may properly utilize its proposed exhibits to impeach a witness who denies the fact of a conviction. However, Defendant may utilize such exhibits and present testimony to show only the nature, time and place of, and punishment for any such qualifying conviction; details of the underlying crime may not be explored. Accordingly, Plaintiff's Motion with regard to the issue of criminal convictions is denied.

**3.     Witness's Drug Use**

Plaintiff seeks to exclude evidence of drug use by one witness, Ms. Buckley, arguing that it has no bearing on the credibility of her anticipated testimony and would serve only to embarrass the witness and improperly influence the jury. Defendant explains that Ms. Buckley is a close friend and mother-figure to Stacey, that Plaintiff intends to call Ms. Buckley to testify about Stacey's performance in a computer class that she took after her injury, and that Ms. Buckley will state her opinion that Stacey did not do well in the class because of her injury. Defendant argues that evidence that Stacey lived with and "did drugs" with Ms. Buckley is relevant to show Ms. Buckley's

"habits, judgment, and decision-making ability" and to establish Ms. Buckley's bias due to her relationship with Stacey. *See* Def.'s Resp. Pl.'s Mot. in Limine [Doc. No. 132] at 11.

Upon consideration of Defendant's argument, the Court finds that Ms. Buckley's drug use appears to have no probative value. Setting aside the issue of Stacey's involvement in such conduct, discussed above, there is no suggestion that any drug use by Ms. Buckley impaired her perception or recall of events. Further, any bias of Ms. Buckley due to a close relationship with Stacey can be established without evidence that their activities together involved drug use. On this issue, the Court finds that any probative value of evidence regarding Ms. Buckley's drug use is outweighed by the danger of unfair prejudice. Thus, this evidence will be excluded. Accordingly, Plaintiff's Motion is granted with respect to evidence of drug use by Ms. Buckley.

**B.    Defendant's Motion**

Defendant seeks to exclude evidence and argument concerning three subjects: 1) video recordings of Stacey; 2) certain testimony by Defendant's former employee, Denise Manson; 3) certain testimony of Stacey's cell mate, Krystel Phillips;[3] 4) certain testimony of another inmate, Sheila Erwin; 5) the opinion of an employee who investigated the incident, Brian Wilcox, that a jail employee was deliberately indifferent to Stacey's needs; and 6) a particular exhibit prepared by Plaintiff's life care expert, denominated a Life Care Plan.[4]

    **1.    Video Recordings of Stacey**

---

[3] Although Defendant spells the witness's first name as "Krystal," her deposition transcript uses the spelling "Krystel." The Court assumes the court reporter's record is correct, and adopts that spelling.

[4] Defendant also moves to exclude any evidence about "non-issues" (such as the lawfulness of Stacey's March 2009 arrest), questions of witnesses asking if they believe other witnesses to be truthful, and any witness or exhibit listed in the Final Pretrial Report that had not been previously disclosed. The Court finds these parts of Defendant's Motion to be moot. Plaintiff states her agreement with Defendant regarding the first two arguments, and the third has been overcome by subsequent events. The Court has rejected the Final Pretrial Report and directed the parties to withdraw untimely disclosed witnesses and exhibits.

Defendant objects to various video recordings that Plaintiff has provided on computer discs; as to two recordings, Defendant objects only to Plaintiff's use of the audio portions of the recordings. Plaintiff responds that she does not intend to utilize some of the recordings at trial and will not offer one audio recording to which Defendant objects. Thus, the parties' briefs reveal only two disputed issues with regard to the video recordings of Stacey: a) as to a recording of her baking brownies, whether Plaintiff should be allowed to play the audio portion in which Plaintiff's counsel supplies narrative during the activity; and 2) whether Plaintiff should be allowed to show the subsequent "Q&A session" in which Plaintiff's counsel questions Stacey about her performance of the activity.

### a. Baking Brownies

The recording of Stacey performing a task is not unlike a "day in the life" recording that purports to show how an injury has affected a victim's routine daily activities. The admissibility of this type of recording is "to be decided on a case by case basis," after the recording has been viewed outside the presence of the jury and evaluated in light of pertinent concerns. *See Bannister v. Town of Noble*, 812 F.2d 1265, 1270 (10th Cir. 1987). These concerns include whether the recording depicts the victim in an ordinary day-to-day situation, whether it portrays self-serving conduct such as exaggerated difficulty in performing a task, whether it is likely to overcome other evidence due to the "dominating nature of film evidence," and whether the recording is to be used in conjunction with live testimony at trial so that the victim can be cross-examined regarding the depicted events. *See id*. at 1269-70. After viewing the recording and assessing these areas of concern, the Court finds that the probative value of the recording outweighs the possibility of prejudice, provided that Stacey testifies at trial and is available for cross-examination regarding the video. Accordingly, based on an understanding that Stacey will be a trial witness, the Court finds

that the video recording of Stacey baking brownies, including the audio portion of the recording, is admissible and should not be excluded.

### b. "Q & A" Session

The Court reaches a different conclusion regarding the video recording of a subsequent session during which Plaintiff's counsel questioned Stacey about the baking activity. This segment is not significantly different than a videotaped deposition to which Defendant was not invited, and which contains unsworn testimony that will be offered for the truth of the matter asserted. Providing Defendant with an opportunity to cross-examine Stacey at trial concerning the hearsay statements depicted in the video recording will not negate the prejudicial impact of this recording. The Court finds that it is inadmissible and should be excluded.

### c. Summary of Ruling

Therefore, Defendant's Motion concerning video recordings is denied in substantial part but granted as to the recording of the "Q&A" session with Stacey about baking brownies.

## 2. Testimony of Denise Manson

Based on deposition testimony given by Ms. Manson, Defendant moves to prevent her from testifying at trial concerning certain subjects regarding her former employment at the jail.[5]

### a. Availability of Medical Equipment

Defendant seeks to exclude testimony that the jail did not have an AED (automatic external defibrillator) or oxygen unit on site and, in Ms. Manson's opinion, the jail should have had four

---

[5] One subject raised by Defendant – Ms. Manson's testimony that she conducted a personal "statistical study" or research concerning error rates in the administration of medication – is not at issue. Plaintiff agrees that this testimony should be excluded.

AED units.[6] Defendant contends that Ms. Manson lacks any basis for this opinion and that her testimony on this topic is irrelevant, as well as unduly prejudicial and misleading. Plaintiff responds that the unavailability of equipment required by the jail's policy is relevant to the issue of Defendant's failure to follow its written policies and shows indifference to inmates' medical needs.

Plaintiff concedes that the absence of an AED or oxygen unit at the jail did not impact Stacey's medical care; her theory of relevance rests on an alleged noncompliance with written jail policies. The written policy cited by Plaintiff required certain basic equipment to be kept within the medical services office. The list of equipment included "oxygen tanks" but did not include an AED. *See* Pl.'s Resp. Br., Ex. 1 [Doc. No. 133-1]. It is unclear from Ms. Manson's testimony that the equipment to which she was referring was an oxygen tank. Further, the Court finds that any failure to follow the jail's written policy concerning medical equipment is not sufficiently related to the facts of this case to be probative of whether Defendant was deliberately indifferent to Stacey's medical needs. Moreover, any probative value would be far outweighed by the danger of jury confusion and unfair prejudice to Defendant.

      **b.**     **CLEET Training and Related Opinions**

Defendant seeks to exclude testimony by Ms. Manson about CLEET training she attended but did not complete, particularly her personal opinion about some of the course materials, the Fourth Amendment, and strip searches. Because CLEET training is not required of jail employees and is not an issue in this case, and because this case does not involve a strip search or Fourth Amendment issues, Defendant argues that this testimony is irrelevant and Ms. Manson's opinions are inflammatory and unfairly prejudicial. Plaintiff responds that any training jail employees

---

[6] Ms. Manson appeared to be operating under a belief that an AED unit provides emergency oxygen.

received, even if not required, is relevant and that Ms. Manson's opinion is probative of her state of mind and, arguably, the attitude of jail employees generally.

The Court finds that any CLEET training that Ms. Manson received, as well as her opinion of the information conveyed and legal principles, are irrelevant to any issue in the case. Although the training that jail employees received in order to perform their job duties could be relevant, it is undisputed that CLEET training was not required for Ms. Manson's position at the jail and she did not complete the training during her employment there. Accordingly, whatever training Ms. Manson received during the portion of CLEET training she attended, and whatever her opinions of the information she received, these matters have no bearing on the factual issues in the case.

### c.     Statements by Pregnant Inmate and Unidentified Jailers

Defendant seeks to exclude testimony by Ms. Manson regarding what a pregnant inmate told her (that jailers did not care about her labor pains) and what unidentified jailers said (that they did not care about inmate's medical needs). Defendant contends the reported statements constitute hearsay, and are irrelevant because they are not connected to Stacey or her period of detention. As to the pregnant inmate, the Court agrees that her alleged statements are hearsay. The jailers' statements might not constitute hearsay if they were made by an agent or employee of Defendant within the scope of the agency or employment, but this determination cannot be made on the record presented. Plaintiff in her response makes no effort to establish the admissibility or relevance of these unidentified statements. Accordingly, the Court finds that Ms. Manson's testimony regarding these alleged statements should be excluded.

### d.     Summary of Ruling

Therefore, as to Ms. Manson's testimony regarding the challenged subject areas, Defendant's Motion is granted.

3.   **Testimony of Krystel Phillips**

Defendant seeks to exclude certain testimony by a jail inmate, Krystel Phillips, who shared a cell with Stacey during the relevant time and provided an eyewitness account of the events in question.

a.   **Interview by Plaintiff's Counsel and Conversations with Other Inmates**

Defendant objects to any testimony by Ms. Phillips regarding two subjects mentioned during her deposition: an interview with Plaintiff's counsel in April, 2009; and statements by other inmates regarding Stacey and her treatment by jail staff. Defendant contends that counsel's investigatory efforts are irrelevant and that Ms. Phillips' account of statements made by others constitutes hearsay. Plaintiff does not address either of the subjects in her response brief. Accordingly, the Court finds that Ms. Phillips' testimony regarding these matters should be excluded.

b.   **Opinion of Stacey's Medical Condition**

Defendant objects to opinion testimony by Ms. Phillips regarding the severity of Stacey's condition during the relevant time period, and her opinion that Stacey experienced a seizure or convulsions. Defendant argues that Ms. Phillips has no medical training and is unqualified to testify about medical opinions. Plaintiff contends that Ms. Phillips may testify about what she observed and what she concluded, and offer lay opinions that are admissible under Rule 701. Plaintiff notes that the relevant constitutional standard regarding a serious medical condition includes "one that is so obvious even a lay person would easily recognize the necessity for a doctor's attention." *See Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (internal quotation omitted).

Upon review of Ms. Phillips' deposition testimony on these topics, the Court agrees with Plaintiff that, to the extent Ms. Phillips expressed an opinion, she was attempting to describe what

she observed and her conclusions about what she saw. The Court finds that any opinions expressed by Ms. Phillips in the context of her account of events are admissible under Rule 701 as rationally based on her perception and helpful to a clear understanding of her testimony. The accuracy of her opinions can be tested through Defendant's cross-examination of Ms. Phillips at trial. Accordingly, Ms. Phillips' opinion testimony, as long as it meets the requirements of Rule 701, should not be excluded.

### c. Relationship with a Former Jailer

Defendant objects to any testimony regarding Ms. Phillips' friendship with a former jailer, Joseph Glasco, as irrelevant and unfairly prejudicial. Plaintiff contends that proof of an improper relationship between an inmate and a jailer is relevant to show a lack of institutional control at the jail. It is unclear from Ms. Phillips' testimony that an improper relationship existed, but if it did, her testimony was clear that Mr. Glasco lost his job as a result. Mr. Glasco's termination shows the enforcement of institutional rules prohibiting such relationships, and thus, Ms. Phillips' testimony concerning the relationship would not be probative of the alleged fact for which Plaintiff proposes to offer it. The Court finds that any minimal relevance and probative value of this testimony is outweighed by a danger of unfair prejudice or confusion of the issues. Accordingly, Ms. Phillips' testimony regarding her relationship with Mr. Glasco should be excluded.

### d. Personal Complaints

Defendant objects to testimony by Ms. Phillips that a "guy that used to be like the Sergeant" was angry and mean to her for no reason. *See* Phillips Dep. 111:4-25. Plaintiff contends this testimony is relevant to show that the jail lacked institutional control and did not properly supervise its employees. The Court finds that a poor attitude by one employee, even a person who used to be

a sergeant, is not sufficiently probative of the alleged facts for which Plaintiff proposes to offer it, and thus, any minimal relevance of this testimony is outweighed by a danger of unfair prejudice. Accordingly, Ms. Phillips' personal complaints about her treatment at the jail should be excluded.

    **e.**    **Summary of Ruling**

Therefore, as to Ms. Phillips' testimony regarding the challenged subject areas, except her opinions concerning Stacey's medical condition, Defendant's Motion is granted; as to Ms. Phillips' opinion testimony, the Motion is denied.

    **4.**    **Testimony of Sheila Erwin**

Defendant seeks to exclude as inadmissible hearsay, testimony by Sheila Erwin, who was a fellow inmate, that other inmates told her Stacey was not feeling well. Plaintiff states such testimony will not be offered for its truth but to place in context Ms. Erwin's testimony about her efforts to help Stacey. The Court agrees with Plaintiff's position on this issue. Accordingly, Ms. Erwin's testimony about the course of events, including what others told her during those events should not be excluded as hearsay. Therefore, Defendant's Motion is denied as to Ms. Erwin's testimony.

    **5.**    **Opinion Testimony by Brian Wilcox**

Defendant seeks to exclude certain testimony by Brian Wilcox, who investigated the incident involving Stacey in his position as a lieutenant at the jail and prepared an investigative report. Mr. Wilcox concluded that certain jail employees showed "deliberate indifference" toward Stacey. Defendant contends that Mr. Wilcox's opinion is a legal conclusion and embraces an issue to be decided by the jury. Defendant objects under Rule 403 on grounds of unfair prejudice and juror

confusion. Predictably, Plaintiff disagrees and notes that Rule 704(b) expressly provides that opinion testimony is not automatically objectionable because it addresses an ultimate issue.

Upon review of Mr. Wilcox's deposition testimony concerning his conclusions and the terminology used in his report, the Court finds that his opinion testimony that some employees were deliberately indifferent to Stacey's needs should not be excluded. Mr. Wilcox expressly testified that he did not use the phrase "deliberate indifference" in its legal sense, and that he used it to describe his findings regarding the degree of culpability of the officers involved. As to some officers, he concluded that they were simply negligent. Placed in context, which may be accomplished at trial during his direct examination or by cross-examination, the Court finds that the clearly relevant and probative testimony of Mr. Wilcox is not outweighed by a danger of unfair prejudice or confusion and should not be excluded. Therefore, as to Mr. Wilcox's testimony, Defendant's Motion is denied.

### 6.     Life Care Plan

Defendant objects to the admission of an exhibit to be offered by Plaintiff that consists of a "Life Care Plan" prepared by Plaintiff's life care expert, Sherry Latham. Defendant contends that it is hearsay, contains hearsay statements, and is cumulative of Ms. Latham's testimony regarding her findings, opinions, and recommendations. Plaintiff contends the plan should be admitted as evidence of a computation of damages claimed by Plaintiff, subject to redaction of specific hearsay statements contained within the document.

Neither party has presented a copy of the Life Care Plan for the Court's review. The Court understands Plaintiff's response as a concession that her proposed exhibit is inadmissible in its present form. Because the Court lacks sufficient information to rule on the admissibility of the Life

Care Plan, the Court will order the parties to confer in an attempt to reach an agreement whether Plaintiff's proposed exhibit should be admitted in any form. If no mutual agreement can be reached, Plaintiff shall present the exhibit for examination by the Court, and for explanation regarding the points of disagreement regarding admissibility, before the document is offered at trial. This presentation shall be made outside the presence of the jury. Accordingly, the Court reserves a ruling on the admissibility of the Life Care Plan.

## Conclusion

For the reasons stated above, the Court rules on the evidentiary issues presented by the parties motions in limine as set forth above. Briefly summarized, and subject to the requirements of the involved Federal Rules of Evidence, the Court's rulings are as follows:

Stacey's convictions and circumstances of her March 2009 arrest – Admissible;

Stacey's arrests on other dates and charges not resulting in convictions – Inadmissible;

Stacey's drug use – Reserved;

Other witnesses' convictions – Admissible;

Ms. Buckley's drug use – Inadmissible;

Video recordings:   Baking brownies – Admissible;
                    Q&A Session – Inadmissible;

Ms. Manson's challenged testimony – Inadmissible;

Ms. Phillips' challenged testimony – Inadmissible, except lay opinions – Admissible;

Ms. Erwin's testimony – Admissible;

Mr. Wilcox's testimony – Admissible; and

Life Care Plan – Reserved.

IT IS THEREFORE ORDERED that Plaintiff's Motion in Limine [Doc. No. 98] is GRANTED in part and DENIED in part, as set forth herein; Defendant's Motion in Limine [Doc. No. 110] is GRANTED in part and DENIED in part, as set forth herein; and Plaintiff's Motion to Strike [Doc. No. 104] is DENIED.

IT IS SO ORDERED this 31st day of August, 2012.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE